[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13265
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 21, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:08-cv-00241-WHA-SRW

J. DENNIS PUGH, SR.,
as Administrator of the Estate of James D. Pugh Jr., deceased,

                                                    Plaintiff - Appellant,


                          versus


KOBELCO CONSTRUCTION MACHINERY AMERICA, LLC,
KOBELCO CONSTRUCTION MACHINERY COMPANY, LTD.,

                                                    Defendants - Appellees.


_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(January 21, 2011)

Before TJOFLAT, CARNES and MARTIN, Circuit Judges.

PER CURIAM:

Dennis Pugh, acting as administrator of the estate of his son, James Pugh, appeals the district court's grant of the defendants' motion to dismiss and the denial of his motion to amend the complaint. After thorough review of the record, we conclude that the grant of the motion to dismiss was proper and that there was no abuse of discretion in the denial of leave to amend. Accordingly, we affirm.

I.

Dennis Pugh, acting as administrator of the estate of his son, James Pugh, filed a wrongful death action under Alabama law against Kobelco Construction Machinery America and Kobelco Construction Machinery Company, Ltd. The district court entered a scheduling order requiring the parties to file all motions to amend pleadings by November 10, 2009.

After the deadline to amend pleadings passed, the defendants filed a "Motion to Substitute Proper Party or in the Alternative to Dismiss." The defendants argued that Pugh, as administrator of his son's estate, was an improper party in a wrongful death action under Alabama law and therefore the complaint should be dismissed if a proper party could not be substituted. See Ala. Code § 25-5-11(a). In response, Pugh moved to amend the complaint to add James Pugh's widow as a party and to change his capacity from administrator of Pugh's estate to a dependent. The district court denied Pugh's motion to amend and dismissed the

2

complaint. The court concluded that Pugh had failed to show "good cause" for amending the scheduling order as required by Federal Rule of Civil Procedure 16(b)(4). This is Pugh's appeal.

## II.

We review a district court's decision to enforce its pre-trial order for an abuse of discretion. See Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998). "A plaintiff seeking leave to amend its complaint after the deadline designated in a scheduling order must demonstrate 'good cause' under Fed. R. Civ. P. 16(b)." S. Grouts & Mortars, Inc. v. 3M Co., 575 F.3d 1235, 1241 (11th Cir. 2009). Rule 16(b)'s good cause standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." Sosa, 133 F.3d at 1418 (quotation marks and footnote omitted).

Pugh argues that the district court erred in denying his motion because the defendants would not have been prejudiced by the amendment and because failure to grant it resulted in dismissal of the case. He also asserts that "good cause" for modifying the scheduling order existed because the defendants challenged whether Pugh was an appropriate legal representative of his son's estate—not the estate's capacity to bring suit—in their answers.

Pugh failed to show the required level of diligence in pursuing his claim.

3

He filed motions to amend the complaint on February 19, 2010 and March 12, 2010, almost two years after filing the original complaint and more than three months after the expiration of the deadline for amending pleadings. Pugh contends that he lacked notice of the party defect because the defendants did not specifically challenge the estate's capacity to bring suit in their answers. However, the proposed amendment was based on facts that were, or should have been, within his own knowledge. Certainly, information about the legal relationship between the decedent, his widow, and Pugh was available before the filing of the original complaint. See Sosa, 133 F.3d at 1419 (finding no abuse of discretion where the information supporting the proposed amendment to the complaint was available to the plaintiff before filing suit). The district court acted within its discretion in denying his motion to amend.

III.

Pugh also contends that the district court erred in dismissing the action because the defendants waived their right to challenge the estate's capacity to sue. Under Federal Rule of Civil Procedure 9(a)(2), a party contesting an opponent's capacity to sue "must do so by a specific denial [and] must state any supporting facts that are peculiarly within the party's knowledge." Both of the defendants stated in their answers that "plaintiff does not have standing or capacity to bring

4

this action, as he is not the appropriate legal representative of the decedent's estate." Pugh contends that allegation was insufficient to preserve any objection to the estate's capacity to sue. We disagree. The defendants' assertions were adequate to preserve lack of capacity as a defense to suit. It put Pugh on notice that the defendants were challenging whether he was a proper party to the action. See 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1266 (3d ed. 2010) (explaining that "[t]he particular language or form of the specific denial is not important as long as it is clear which allegations are being negated and which are not").

AFFIRMED.